## IGARTUA *v.* PÉREZ.

### APPEAL from the District Court of Aguadilla.

No. 121.—Decided April 29, 1907.

APPEAL—CONFLICTING EVIDENCE.—Where the testimony of witnesses is contradictory, in the absence of any extraordinary circumstance, such as fraud or manifest incredibility, the appellate court must accept the conclusions or findings of the trial court upon the evidence upon which the judgment of the trial court is based.

UNLAWFUL DETAINER—POSSESSION AND INDEMNITY OF PROPERTY.—Where, in an action of unlawful detainer based on the fact that the defendant is a tenant at sufferance, the plaintiff fails to prove that the property referred to in the complaint is the same one held by the defendant, the latter will not be required to introduce any document whatever to show the title under which he is in possession.

The facts are stated in the opinion.

*Mr. Franco Soto* for appellant.

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Doña Teresa Igartua y del Valle purchased a farm of Doña Susana de Jesús and brought a proceeding of forcible entry and detainer against Manuel Pérez as a tenant at will (*precarie*) to recover certain property which she alleged was part of the purchase. In his defense the latter maintained that he had been in possession of the property that he held for a number of years and that he had acquired the same by inheritance. At the trial as would appear from the bill of exceptions there arose questions of possession inheritance and identification of the property sought to be recov-

ered and the court decided that the preponderance of the evidence was in favor of the defendant. On appeal in this court there was no argument but counsel for the appellant alleges that she has shown that she has the civil and material possession of the property sought to be recovered. There was a conflict of evidence as to the identification of the farm. Hence with the judgment in favor of the, defendant the issue must be presumed to have been determined in his favor and in the absence of some extraordinary circumstances like fraud or inherent improbability this court must accept the conclusions of fact of the court below where such conclusions were a necessary presumption from the judgment. It has not been determined that the farm the appellant bought is the same that appellee holds. It is true that even some of his witnesses assert the identity of the property but others maintained the appellee's continuous possession. The appellant failed to prove that either she or her predecessors had the actual possession of the property held by appellee.

We cannot agree with the appellant that it was necessary for the appellee to present any written proof of his title as the issues between the parties were the questions of actual possession and identification, and the burden was on the appellant to show these facts affirmatively.

For these reasons the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.